# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8874 | **DATE** | 2/27/2012 |
| **CASE TITLE** | Miller vs. Braden, et al. | | |

**DOCKET ENTRY TEXT**

Plaintiff's application for leave to proceed IFP [3] is denied and the case is dismissed for lack of jurisdiction. The case is terminated.

■ [ For further details see text below.]

Docketing to mail notices.
*Mail AO 450 form.

## STATEMENT

     Selina Miller, plaintiff, has presented for filing a complaint along with an *in forma pauperis* (IFP) application under 28 U.S.C. § 1915(a)(1) for leave to proceed without prepayment of fees. Plaintiff names as defendants "Eric Braden, Y&R Staff, CBS Station, Defendant, et al." The complaint alleges breach of contract and makes allegations about Eric Braden's having told a Judge Dale Crawford that "he and Y&R [referring to a television show, 'The Young and the Restless'] staff could hear voices over the airwave." Continuing, it seems to allege that Eric Braeden stated an interest in contracting with Selina Miller to appear on Y & R. From that point, the allegations descend into phrases about "voices over the airwaves," "cognitive therapy," and surveillance of plaintiff for seven years.[1]

     It is well established that *pro se* complaints are to be liberally construed. *Erickson* v. *Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007); *Haines v. Kerner*, 404 U.S. 519 (1972). In assessing any complaint the court must first decide whether it has jurisdiction over the subject matter of the law suit. *See Cook* v. *Winfrey* 141 F.3d 322, 325 (7th Cir.1998) (internal quotation marks and citations omitted) ("The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception."). Furthermore, "federal courts are without power to entertain claims otherwise within their jurisdiction if they are so attenuated and unsubstantial as to be absolutely devoid of merit." *Ricketts* v. *Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (internal quotation marks and citations omitted). If this condition exists, then the complaint must be dismissed for want of subject matter jurisdiction. *Ricketts*, 874 F.2d at 1182. To be "wholly insubstantial and frivolous," however, the court must find the case "absolutely devoid of merit" or "no longer open to discussion." *Id.* at 1182, quoting *Hagans* v. *Lavine*, 415 U.S 528, 536-39 (1974). A frivolous complaint is one in which "the petitioner can make no rational argument in law or facts to support his or her claim for relief." *Williams v. Faulkner*, 837 F.2d 304, 306 (7th Cir. 1988), *aff'd sub nom Neitzke v. Williams*, 490 U.S. 319 (1989).

     This complaint is frivolous because it lacks two of three necessary elements of a properly pleaded

**STATEMENT**

complaint. See Fed. R. Civ. P. 8(a) (A complaint must contain (1) a short and plain statement of the grounds for jurisdiction, (2) a short and plain statement of the claim showing the pleader is entitled to relief, and (3) a demand for the relief the pleader seeks.) First, the complaint does not allege a basis for federal court jurisdiction, and there appears to be no such basis. Federal courts have jurisdiction to hear breach of contract claims only if the action is between citizens of different states and more than $75,000 is in controversy. Neither is alleged here. *See* 28 U.S.C. § 1332. Even setting that difficulty aside, plaintiff's allegations are insufficiently comprehensible to permit the court to evaluate the claim plaintiff hopes to assert. In short, the court is unable to infer from the rambling statements in the complaint the possibility that any set of facts exists that would entitle plaintiff to relief.

For these reasons, the plaintiff's petition for leave to proceed IFP must be denied and the complaint dismissed for lack of subject matter jurisdiction.

---

1. Plaintiff also filed *Miller* v *Jordan*, Case No. 11-8875 on the same date of this case filing, December 14, 2011. The complaint alleges similarly improbable facts concerning a relationship with the famous basketball star Michael Jordan. Judge Castillo dismissed the complaint on December 15, 2011.